IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 06-cv-01948-REB-BNB

DANIEL E. MURPHY,

Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS ("CDOC"),
JOE ORTIZ,
PEGGY HEIL,
DON MORTION, and
LARRY TURNER,

Defendants.
_____

**ORDER**
_____

This matter is before me on the following, filed by the plaintiff on August 20, 2007:

(1) **Amended Complaint** [Doc. #52], and

(2) **Supplemental Complaint/Additional Defendant** [Doc. #53].

On July 11, 2007, I denied without prejudice the plaintiff's previous attempts to amend his

Complaint, stating:

> The Federal Rules of Civil Procedure provide that a complaint may
> be amended as follows:
>
>> A party may amend the party's pleading once as a
>> matter of course at any time before a responsive
>> pleading is served. . . . Otherwise a party may amend
>> the party's pleading only by leave of court or by
>> written consent of the adverse party.
>
> Fed.R.Civ.P. 15(a).

> A responsive pleading has not yet been served in this case. Therefore, the plaintiff may amend his pleading as a matter of course.
>
> However, the plaintiff may not amend his Complaint by filing piecemeal amendments and supplements. Rather, he must file the entire proposed amended complaint. The plaintiff may not incorporate by reference his original Complaint into the amended complaint, nor may he incorporate previously filed motions and papers. The amended complaint must stand alone; it must contain all of the plaintiff's claims.

*Order* [Doc. #42].

Despite my clear directive that any future proposed amended complaint must stand alone, the plaintiff has filed a supplement with his proposed amended complaint. In addition, the proposed amended complaint and the proposed supplement are typewritten and single-spaced. All typewritten complaints must be double-spaced. D.C.COLO.LCiv.R 10.1E. Finally, the proposed amended complaint is not on this Court's form. All Prisoner Complaints must be submitted on the Court's complaint form. Accordingly, the proposed amended complaint and the proposed supplement are STRICKEN.

Moreover, the proposed amended complaint is prolix and confusing. It consists of 29 single-spaced typewritten pages. The plaintiff devotes the first several pages to legal arguments and case citations. *Amended Complaint*, p. 2-6. The plaintiff then lists what appear to be his two causes of action: "Substantive Due Process" and "Unconstitutional Administrative Regulation and Treatment Program." Id. at pp. 6-11. The causes of action consist of additional arguments and case citations; they contain very few factual statements. Contrary to my Order, the second cause of action cites to several pages in the initial Complaint. Id. at p. 8.

Next is a section entitled "Facts Establish this Point." Id. at p. 11. This section contains very few factual statements and consists mostly of argument and conclusory allegations. The

"Fact" section is followed by a section entitled "Controlling Issues." Id. at p. 16. As with the previous sections, this section is long on conclusory allegations and argument, but short on facts.

The next section is entitled "Statute of Limitations." Id. at p. 19. This section appears to be a response to the defendant's motion to dismiss.[1] The following sections are entitled "Plea Agreement" and "Parole Appearances." These sections detail the plaintiff's experiences in entering a guilty plea and in appearing before the parole board.

It is impossible to determine from the proposed amended complaint which facts apply to which claim, and which claim applies to which defendant(s). The Federal Rules of Civil Procedure require that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). "[T]he only permissible pleading is a short and plain statement of the claim showing that the pleader is entitled to relief on any legally sustainable grounds." Blazer v. Black, 196 F.2d 139, 144 (10th Cir. 1952). The requirements of Rule 8(a) guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest." TV Communications Network, Inc. v. ESPN, Inc., 767 F. Supp. 1062, 1069 (D. Colo. 1991), aff'd, 964 F.2d 1022 (10th Cir. 1992). The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix and disorganized pleadings violate the requirements of Rule 8.

Although I must liberally construe the pleadings of the *pro se* plaintiff, Haines v. Kerner, 104 U.S. 519, 520-21 (1972), I cannot act as his advocate. Hall v. Bellmon, 935 F.2d 1106, 1110

---

[1] Indeed, the entire proposed amended complaint appears to be a response to the motion to dismiss.

(10th Cir. 1991).  Moreover, the plaintiff must comply with the fundamental requirements of the Federal Rules of Civil Procedure.  Id.  The plaintiff's proposed amended complaint is prolix and confusing, and utterly fails to comply with Rule 8.

IT IS ORDERED that the Amended Complaint [Doc. #52] and the Supplemental Complaint/Additional Defendant [Doc. #53] are STRICKEN for failure to comply with my Order [Doc. #42] and for failure to comply with Fed.R.Civ.P. 8 and D.C.COLO.LCiv.R 10.

IT IS FURTHER ORDERED that any future attempts to amend the Complaint must comply with Fed.R.Civ.P. 8, D.C.COLO.LCiv.R 10, and this Order.  The background statement shall briefly summarize the plaintiff's case and shall not exceed one double-spaced typewritten page. Each claim shall be stated separately.  Each claim shall state which defendant(s) the claim is brought against and shall briefly allege facts sufficient to state a claim for relief.  Each claim shall not exceed two typewritten pages, double-spaced.

IT IS FURTHER ORDERED that the Clerk of the Court shall enclose with this Order a copy of the Court's Prisoner Complaint form.

IT IS FURTHER ORDERED that the plaintiff's failure to comply with this Order may result in a recommendation that the plaintiff's case be dismissed.

Dated August 27, 2007.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge