IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 06-cv-01948-REB-BNB

DANIEL E. MURPHY,

Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS ("CDOC"),
JOE ORTIZ,
PEGGY HEIL,
DON MORTION, and
LARRY TURNER,

Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter is before me on the defendants' **Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(B)(6)** [sic] **or for Summary Judgment** [Doc. #25, filed 4/13/07] (the "Motion"). For the following reasons, I respectfully RECOMMEND that the Motion be GRANTED IN PART and DENIED IN PART.

**I. STANDARD OF REVIEW**

The plaintiff is proceeding *pro se*, and I must liberally construe his pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). Nevertheless, I cannot act as advocate for a *pro se* litigant, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

In ruling on a motion to dismiss, the court must accept the plaintiff's well-pleaded allegations as true and must construe all reasonable inferences in favor of the plaintiff. City of Los Angeles v. Preferred Communications, Inc., 476 U.S. 488, 493 (1986); Mitchell v. King, 537 F.2d

385, 386 (10th Cir. 1976). The complaint must contain specific allegations sufficient to establish that it plausibly supports a claim for relief. Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 n.2 (10th Cir. 2007). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984).

In ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, I may treat the motion as one for summary judgment under Fed. R. Civ. P. 56 when matters outside the pleadings are presented to and not excluded by me and all parties have been given a reasonable opportunity to respond as provided in Rule 56. Fed. R. Civ. P. 12(b).

Here, the defendants submitted exhibits with their Motion. Because I have not referred to the exhibits in my analysis of the Motion, I do not convert the motion to one for summary judgment. Fed. R. Civ. P. 12(b).

## II. BACKGROUND

The plaintiff is currently incarcerated in the Idaho Department of Corrections. He was transferred to the Idaho Department of Corrections after being incarcerated in the Colorado Department of Corrections pursuant to an interstate compact agreement. *Complaint*, p. 19 and Ex. A.

The plaintiff filed his Prisoner Complaint (the "Complaint") on September 29, 2006 [Doc. #3]. The Complaint asserts four claims for relief.

## III. ANALYSIS

This action is brought under 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance,
> regulation, custom, or usage, of any State, . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the

2

> deprivation of any rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party injured in an
> action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

### A. Statute of Limitations

In Claim Two, the plaintiff alleges that the defendants have wrongfully classified him as a sex offender and have mandated that he complete the Sex Offender Treatment Program in order to be eligible for parole. *Complaint*, p. 10. He claims that he does not meet the criteria for the treatment program and is continually being denied parole. Id.

The defendants assert that Claim Two is barred by the statute of limitations because the plaintiff was classified as an S-4 sex offender on July 12, 2000. The defendants rely on their exhibits to support this argument.[1] Because I do not consider the exhibits in my resolution of the Motion, I do not address this defense.

I respectfully RECOMMEND that the Motion be DENIED to the extent it seeks dismissal of Claim Two as barred by the statute of limitations.

### B. Qualified Immunity

The defendants assert that they are entitled to qualified immunity on Claims One, Three, and Four. Qualified immunity shields government officials sued in their individual capacities from liability for civil damages so long as their conduct when committed did not violate "clearly established statutory or constitutional rights of which a reasonable person would have known."

---

[1] I note that the defendants submitted two exhibits in support of their argument: a "Decision on Sex Offender Designation" and a "Notice of Administrative Review." The defendants do not establish the authenticity of the exhibits or demonstrate the applicability of a hearsay exception which would allow them to be admitted into evidence. Moreover, without additional competent and relevant evidence, it is impossible to determine whether the documents address the sex offender designation currently challenged by the plaintiff.

3

Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). In order for a right to be "clearly established" for purposes of assessing entitlement to qualified immunity, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but it is to say that in the light of pre-existing law the unlawfulness must be apparent." Anderson v. Creighton, 483 U.S. 635, 640 (1987) (citations omitted).

When analyzing the issue of qualified immunity, the court must first determine whether the plaintiff has sufficiently alleged the violation of a statutory or constitutional right. Only if the plaintiff has asserted such a violation does the court inquire whether the right was clearly established at the time of the violation. Wilson v. Layne, 526 U.S. 603, 609 (1999); Butler v. City of Prairie Village, Kansas, 172 F.3d 736, 745 (10th Cir. 1999). Accordingly, I now look to the Complaint's allegations to determine if the plaintiff has sufficiently alleged a violation of his constitutional rights.

### 1. Claim One

In Claim One, the plaintiff alleges that on numerous occasions he has requested that the defendants send him a copy of the grievance form used by the Colorado Department of Corrections. *Complaint*, p. 6. The plaintiff requested the grievance form in order to assert the issues raised in his Complaint. Id. The defendants have refused to send him a grievance form, stating that pursuant to Administrative Regulation 850-04, the grievance procedure is not available to inmates that have been transferred pursuant to the interstate compact agreement. Id. at Ex. A to the Complaint.

The plaintiff claims that the Administrative Regulation and the defendants' enforcement of the regulation violate his First, Eighth, and Fourteenth Amendment rights because he is required to file grievances in order to exhaust his administrative remedies. The plaintiff's claim lacks merit.

The Prison Litigation Reform Act (the "PLRA") provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). The PLRA does not require inmates to exhaust remedies that are not available, however. If the Colorado Department of Corrections' grievance procedure is not available to the plaintiff, then he is not required to exhaust the procedure before bringing his claims in this Court.

I respectfully RECOMMEND that the Motion be GRANTED insofar as it seeks dismissal of Claim One for failure to state a claim upon which relief can be granted. Because Claim One fails to state a violation of the plaintiff's constitutional rights, I do not address the issue of whether the defendants are entitled to qualified immunity on Claim One.

### 2. Claim Three

In Claim Three, the plaintiff alleges that defendants Morton and Turner retaliated against him in violation of his First, Eighth, and Fourteenth Amendment rights. *Complaint*, p. 15. "Prison officials may not retaliate against or harass an inmate because of the inmate's exercise of his rights to access the courts." Smith v. Mashner, 899 F.2d 940, 947 (10th Cir. 1990). "This principle applies even if the action taken in retaliation would be otherwise permissible." Id. at 948.

An inmate, however, is not "inoculated from the normal conditions of confinement experienced by convicted felons serving time in prison merely because he is engaged in protected activity." Peterson v. Shanks, 149 F.3d 1140,1144 (10th Cir. 1998). Therefore, to prevail on a claim of retaliation a plaintiff "must prove that but for the retaliatory motive, the incidents to which he refers . . . would not have taken place." Id. (quotations and citation omitted). "An inmate claiming retaliation must allege *specific facts* showing retaliation because of the exercise of the prisoner's constitutional rights." Id. (quotations and citation omitted) (emphasis in original).

The presentation of circumstantial evidence such as temporal proximity, a chronology of events, or suspicious timing may be sufficient to support allegations of retaliation. See Mashner, 899 F.2d at 949 (holding that the inmate sufficiently supported retaliation claim with "only means available to him - circumstantial evidence of the suspicious timing of his discipline, coincidental transfers of his witnesses and assistants").

Here, the plaintiff alleges that defendants Morton and Turner retaliated against him because he successfully sued their supervisor, Paul Hollenbeck, in Civil Action No. 98-Z-364. He asserts the following:

> For nearly two years now the plaintiff has sent "numerous letters" to both defendants . . . regarding several important matter regarding the plaintiff's incarceration within the Idaho Department of Corrections.
>
> The plaintiff's letters either go "months" before answering or do not get an answer whatsoever. There were telephone conversations between the plaintiff's fiancee and Paul Hollenbeck where Paul Hollenbeck consistently made threating [sic] and abusive comments regarding the plaintiff and the plaintiff previously suing Paul Hollenbeck.
>
> Paul Hollenbeck is the supervisor of defendants Don Morton and Larry Turner and both defendants consistantly [sic] retaliate against the plaintiff.

*Complaint*, p. 15 (emphasis in original; brackets deleted).

Hollenbeck's alleged comments to the plaintiff's fiancé are not sufficient to show retaliation by Morton or Turner. The only allegations regarding Morton and Turner are that they answered the plaintiff's letters months after they were sent or they did not answer the letters at all. The plaintiff "contends that Exhibits D, E, and F strongly reflect the common attitude of defendant Don Morton." Id. (brackets deleted). However, Exhibits D, E, and F are letters written by the plaintiff and reflect only his attitude.

In addition, I note that Civil Action No. 98-Z-364 was dismissed on February 25, 2003, pursuant to a joint motion for stipulated dismissal.[2] The plaintiff alleges that Morton and Turner have been improperly responding to his mail "[f]or nearly two years now." *Complaint*, p. 15. The plaintiff dated his Complaint September 15, 2006. Id. at 19. Therefore, the plaintiff is alleging that Morton and Turner have been improperly responding to his mail since approximately September 2004--one and a half years after his lawsuit against Mr. Hollenbeck was dismissed. This span of time is far from the "suspicious timing" anticipated by Mashner.

The plaintiff has failed to allege specific facts which plausibly support a claim that Morton and Turner retaliated against him for suing Mr. Hollenbeck. Accordingly, I respectfully RECOMMEND that the Motion be GRANTED to the extent it seeks dismissal of Claim Three for failure to state a claim upon which relief can be granted.

---

[2] I take judicial notice of the record in Civil Action No. 98-Z-364. Fed. R. Evid. 201.

### 3. Claim Four

In Claim Four, the plaintiff alleges that in 1982, the Colorado Supreme Court overturned all of his previous convictions. *Complaint*, p. 16. He further alleges that the defendants are using the overturned convictions to "give the plaintiff additional points in his classification which in turn force the plaintiff to be subjected to actions for matters that have no lawful bearing." Id. The plaintiff asserts that the defendants' actions are in violation of his rights to equal protection and due process. Id. The plaintiff cites Exhibit G of his Complaint in support of his allegations. Id.

The defendants assert that this claim must be dismissed because the plaintiff does not allege personal participation by the defendants. An individual cannot be held liable in a section 1983 action unless he caused or participated in an alleged constitutional violation. McKee v. Heggy, 703 F.2d 479, 483 (10th Cir. 1983). Respondeat superior is not within the purview of section 1983 liability. Id. In order for a supervisor to be liable under section 1983, there must exist a causal connection or an affirmative link "between the constitutional deprivation and either the supervisor's personal participation, his exercise of control or direction, or his failure to supervise." Butler v. City of Norman, 992 F.2d 1053, 1055 (10thCir. 1993); see also Rizzo v. Goode, 423 U.S. 362, 371 (1976). Without a showing of direct responsibility for the alleged violations, liability will not be imposed on a supervisory official. Id.

In Claim Four, the plaintiff refers generally to "the defendants." He does assert that any specific defendant is responsible for using his prior convictions to increase his classification level. He cites to Exhibit G of the Complaint to support his claim. Exhibit G is entitled "Idaho Department of Corrections Reclassification Score Sheet - Male." Exhibit G shows that the Idaho Department of Corrections is using the plaintiff's prior felony convictions to increase his classification score by three points, but it does not implicate any of the defendants in this case.

Claim Four does not contain any factual allegations to support a reasonable inference that the defendants were directly responsible for the alleged constitutional violations.

I respectfully RECOMMEND that the Motion be GRANTED insofar as it seeks dismissal of Claim Four.

## IV.  CONCLUSION

For all of these reasons, I respectfully RECOMMEND that  the Motion be GRANTED IN PART and DENIED IN PART as follows:

1.  DENIED insofar as is seeks summary judgment in favor of the defendants on Claim Two; and

2.  GRANTED to the extent it seeks dismissal of Claims One, Three, and Four for failure to state a claim upon which relief can be granted.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated February 12, 2008.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge