IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No. 06-cv-01948-REB-BNB

DANIEL E. MURPHY,

    Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS ("CDOC"),
JOE ORTIZ,
PEGGY HEIL,
DON MORTON, and
LARRY TURNER,

    Defendants.

## ORDER OVERRULING OBJECTIONS UNDER FED. R. CIV. P. 72 AND DENYING MOTION TO WITHDRAW REFERENCE

**Blackburn, J.**

This matter is before me on the following: 1) the plaintiff's **Appeal to U.S. District Judge Robert E. Blackburn** [#60], filed September 7, 2007; 2) the plaintiff's **Motion to U.S. District Judge Robert E. Blackburn** [#61], filed September 10, 2007; 3) the plaintiff's **Appeal to U.S. District Judge Robert E. Blackburn** [#72], filed October 12, 2007; 4) the plaintiff's **Appeal to U.S. District Judge Robert E. Blackburn** [#73], filed October 12, 2007; 5) the plaintiff's **Motion To U.S. District Judge Robert E. Blackburn for Intervention** [#80], filed November 14, 2007; and 6) the plaintiff's **Objection To Magistrate's Order** [#83], filed November 20, 2007.

The plaintiff's filings docketed at [#60], [#72], [#73], and [#83] are objections to

one or more orders entered in this case by the magistrate judge. Such objections are subject to review under the standards provided in 28 U.S.C. § 636 (b) and FED. R. CIV. P. 72 (a). Under § 636(b) and Rule 72(a), I may modify or set aside any portion of a magistrate judge's order which I find to be "clearly erroneous or contrary to law." I conclude that the orders of the magistrate judge are not clearly erroneous or contrary to law, and I overrule the plaintiff's objections.

In the objections docketed as [#60], [#72], and [#73], the plaintiff objects to the magistrate judge's denial of the plaintiff's request for the appointment of volunteer counsel to assist the plaintiff in drafting an amended complaint. In addition, he objects to the limitations the magistrate judge has imposed on the amended complaint the plaintiff seeks to file. Specifically, the plaintiff challenges orders entered by the magistrate judge on August 20, 2007, [#49], and on September 27, 2007, [#69].

In his August 20, 2007, order [#49], the magistrate judge denied the plaintiff's request for assistance of counsel. The magistrate judge noted that he does not have the authority to appoint counsel for a plaintiff in a civil case, but he does have discretion to direct the clerk to seek volunteer counsel for the plaintiff. On the current record, this order is not clearly erroneous or contrary to law. The plaintiff's objection [#60] to this order is overruled.

In his September 27, 2007, order [#69], the magistrate judge outlined some basic requirements for an amended complaint. First, the magistrate judge reasonably prohibited the plaintiff from amending his complaint by filing myriad, piecemeal amendments and supplements, and by incorporating other documents by reference. Rather, the magistrate judge reasonably informed the plaintiff that his amended

2

complaint must stand alone, and must contain all of the plaintiff's claims. Second, the magistrate judge reasonably required the plaintiff to submit an amended complaint that is double-spaced, rather than single spaced, as required by D.C.COLO.LCivR 10.1.E. Third, the magistrate judge noted that the proposed amended complaint submitted by the plaintiff previously, consisting of 29 single-spaced typewritten pages, is prolix and confusing. The magistrate judge then outlined the requirements Fed. R. Civ. P. 8 which, in essence, requires that a complaint provide a short and plain statement of each claim showing that the pleader is entitled to relief.

The pleading requirements outlined in the magistrate judge's order [#69], filed September 27, 2007, and elsewhere in the record are the basic requirements with which all parties, including *pro se* parties, are required to comply. There is no explicit requirement in the rules that each claim be limited to two pages that are type-written and double spaced. However, when a *pro se* party files pleadings that are consistently verbose and confusing, and the court seeks to enforce the basic requirements of Fed. R. Civ. P. 8, the imposition of such a page limitation is a permissible and reasonable exercise of discretion. A well-pled complaint briefly states the nature of the claim being asserted and outlines the basic facts that are the basis for the claim. A complaint that does not describe the nature of each claim asserted, does not indicate which alleged facts relate to each claim asserted , provides irrelevant factual details, or provides excessive factual detail beyond a description of the basic facts underlying a claim often will violate Rule 8. The plaintiff's proposed amended complaints do not meet the basic standards of Fed. R. Civ. P. 8 and the local rules of this court. The magistrate judge's order [#69], which outlines and enforces these requirements in an eminently

3

reasonable way, is not clearly erroneous or contrary to law. Thus, the plaintiff's objections [#72 & #73] to this order are overruled.

In his Motion to U. S. District Judge Robert E. Blackburn [#61], filed September 10, 2007, the plaintiff asks that I withdraw the order referring matters in this case to the magistrate judge, and asks that I grant the plaintiff assistance of counsel to draft an amended complaint. This motion is denied. In his Motion to U.S. District Judge Robert E. Blackburn for Intervention [#80], filed November 14, 2007, the plaintiff again challenges the magistrate judge's denial of the plaintiff's request for appointment of counsel and the magistrate judge's requirements for the filing of an amended complaint. The plaintiff asks that I intervene to permit the plaintiff to file his proposed amended complaint. This motion is denied.

Finally, in his objection [#83], filed November 20, 2007, the plaintiff challenges the order [#78] of the magistrate judge in which the magistrate judge ordered that the plaintiff's proposed amended complaint [#77] not be accepted for filing. The plaintiff again argues that the limitation of his complaint to two double-spaced typewritten pages per claim is improper. For the reasons outlined above, I disagree. The requirement that the plaintiff provide a short, focused statement of each of his claims, including a summary of the factual basis for each claim, in two double-spaced typewritten pages is reasonable and consistent with Fed. R. Civ. P. 8 and the local rules of this court. The magistrate judge's order is not clearly erroneous or contrary to law. The plaintiff's objection [#83] is overruled.

**THEREFORE, IT IS ORDERED** as follows:

1. That the plaintiff's **Appeal to U.S. District Judge Robert E. Blackburn**

4

[#60], filed September 7, 2007, is **OVERRULED AND DENIED**;

2.  That the plaintiff's **Motion to U.S. District Judge Robert E. Blackburn** [#61], filed September 10, 2007, is **DENIED**;

3.  That the plaintiff's **Appeal to U.S. District Judge Robert E. Blackburn** [#72], filed October 12, 2007, is **OVERRULED AND DENIED**;

4.  That the plaintiff's **Appeal to U.S. District Judge Robert E. Blackburn** [#73], filed October 12, 2007, is **OVERRULED AND DENIED**;

5.  That the plaintiff's **Motion To U.S. District Judge Robert E. Blackburn for Intervention** [#80], filed November 14, 2007, is **DENIED**;

6.  That the plaintiff's **Objection To Magistrate's Order** [#83], filed November 20, 2007, is **OVERRULED AND DENIED**.

Dated February 20, 2008, at Denver, Colorado.

**BY THE COURT:**

s/ Robert E. Blackburn
**Robert E. Blackburn
United States District Judge**