# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Robert E. Blackburn

Civil Case No. 06-cv-01948-REB-BNB

DANIEL E. MURPHY,

    Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS ("CDOC"),
JOE ORTIZ,
PEGGY HEIL,
DON MORTON, and
LARRY TURNER,

    Defendants.

## ORDER ADOPTING RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

**Blackburn, J.**

    This matter is before me on: 1) **Motion To Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) or for Summary Judgment** [#25], filed April 13, 2007; and 2) **Recommendation of United States Magistrate Judge** [#101], filed February 12, 2008. The defendants filed an objection [#105] on February 20, 2008, to one portion of the recommendation. The plaintiff, Daniel Murphy, filed a Motion To Clarify Factual Issue [#108] on February 25, 2008. In essence, the plaintiff argues in this motion that the magistrate judge and the defendants have misinterpreted his claim concerning his sex offender classification. I will address the Motion To Clarify Factual Issue [#108] as an objection to the magistrate judge's recommendation.

    As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the

recommendation to which objections have been filed, and have considered carefully the recommendation, objections, and applicable case law. In addition, because plaintiff is proceeding *pro se*, I have construed his filings generously and with the leniency due *pro se* litigants. **See Erickson v. Pardus**, ___ U.S.___, 127 S. Ct. 2197, 2200 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). I have reviewed carefully the recommendation, the objections, and the relevant portions of the record in this case. I conclude that the recommendation is correct, and I find and conclude that the magistrate judge's recommendation should be approved and adopted.

The magistrate judge recommends that claims one, three, and four be dismissed for failure to state a claim on which relief can be granted. The objections do not address these claims. The magistrate judge's analysis of the bases for dismissal of claims one, three, and four is correct, and I approve and adopt the magistrate judge's recommendation to dismiss claims one, three, and four.

The defendants argue that claim two should be dismissed because the applicable two year statute of limitations had expired before the plaintiff filed this case. In claim two, Murphy challenges his continuing classification as a sex offender, which classification has a significant effect on his periodic evaluations for release on parole. Murphy contends that the defendants continually ignore evidence that indicates that Murphy's classification is improper.

The defendants' motion to dismiss or for summary judgment includes exhibits which purport to be documents demonstrating that Murphy first was classified as a sex offender on July 12, 2000. The magistrate judge declined to consider these documents

because the defendants had not established the authenticity of the documents or that an exception to the hearsay rule would permit the documents to be admitted as evidence. The defendants have attached to their objection [#105] an affidavit concerning the documents which, the defendants contend, demonstrates that the documents are authentic and are admissible as records of a regularly conducted activity, and as public records. Fed. R. Evid. 803 (6) & (8). The defendants argue also that the facts established by these documents are not disputed by the plaintiff. The defendants ask that I now consider these documents, conclude that claim two accrued on July 12, 2000, and conclude that Murphy's complaint in this case was filed after the two year statute of limitations expired on this claim.

Even if I were to consider this belated evidence, the defendants would not be entitled to the dismissal of claim two. Consideration of evidence outside of the pleadings triggers the application of the summary judgment standard of review under Fed. R Civ. P. 56. A court may grant summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Concrete Works, Inc. v. City & County of Denver*, 36 F.3d 1513, 1517 (10th Cir.1994). Summary judgment may be granted if the court concludes that no "rational trier of fact" could find for the nonmoving party based on the showing made in the motion and response. *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Viewing the evidence in the record, including the plaintiff's sworn complaint, in the

light most favorable to the plaintiff, I conclude that the defendants are not entitled to summary judgment on claim two based on the statute of limitations. The allegations in the plaintiffs complaint readily can be read to describe a continuing violation of the plaintiff's rights, as opposed to one violation of the plaintiff's rights on July 12, 2000. The precise dates of the other alleged violations are not clear on the current record. Viewing the facts in the record in the light most favorable to the plaintiff, a reasonable fact finder could conclude that the alleged violations of the plaintiff's rights took place less than two years before the plaintiff filed his complaint in this case. Thus, the defendants are not entitled to summary judgment on claim two based on the statute of limitations.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Recommendation of United States Magistrate** [#101], filed February 12, 2008, is **APPROVED AND ADOPTED** as an order of this court;

2. That the defendants' **Motion To Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) or for Summary Judgment** [#25], filed April 13, 2007, is **DENIED** to the extent it seeks dismissal of claim two as barred by the applicable statute of limitations; and

3. That under Fed. R. Civ. P. 12(b)(6), the defendants' **Motion To Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) or for Summary Judgment** [#25], filed April 13, 2007, is **GRANTED** as to claims one, three, and four.

Dated March 4, 2008, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**