IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 06-cv-01948-REB-BNB

DANIEL E. MURPHY,

Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS ("CDOC"),
JOE ORTIZ,
PEGGY HEIL,
DON MORTION, and
LARRY TURNER,

Defendants.

_____

## ORDER
_____

This matter is before me on **Plaintiff's Motion for In Camera Review of Objection to Production** [Doc. #154, filed 01/26/2009] (the "Motion"). The Motion is DENIED.

The plaintiff served the defendants with Requests for Production of Documents in which he requested "[c]opies of any and all correspondences, written and electronic between Defendant Heil, Hollenbeck, Turner, and Morton with one another or third parties concerning the Plaintiff between 1995 and the date of this request." In response, the defendants produced 100 pages of documents. However, they objected to the production of an email correspondence and an interoffice memorandum.

The plaintiff requests that the Court perform an *in camera* review of the email correspondence and the interoffice memorandum to determine if the defendants' objections are appropriate. The defendants state, and the plaintiff does not dispute, that they have produced the

interoffice memorandum and that the plaintiff's request for this document is now moot. Therefore, I address only the email correspondence.

The defendants objected to production of the email correspondence on the basis that it is protected by the attorney-client privilege. *Motion*, Appendix A, Response No. 4. A party resisting discovery based on the attorney-client privilege has the burden of establishing that the privilege applies. Peat, Marwick, Mitchell & Co. v. West, 748 F.2d 540, 542 (10th Cir. 1984). Under Fed.R.Civ.P. 26(b)(5), when a party withholds documents or other information based on the attorney-client privilege, the party "shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection."

The defendants state that the "email correspondence from Cathie Holst/Tim Arnold and Don Morton dated 3/1/06 and a response to the same from Don Morton dated 3/2/06, . . . was generated in anticipation of/in conjunction with this litigation, and was circulated with Defendants' counsel, the Attorney General's Office." *Motion*, Appendix A, Response No. 4. The defendants further state the following:

> The email correspondence in question was generated by and disseminated to the CDOC's Director of Legal Services, Cathie Holst, and to Tim Arnold, an attorney who previously represented the CDOC and its employees as a Special Assistant Attorney General in a lawsuit by Plaintiff. In addition, the documents in question discuss litigation brought by Plaintiff against the CDOC in 2006, and [sic] apparent reference to this case.
>
> As noted in Defendants' discovery response, the documents in question were also copied to the Colorado Attorney General's Office. Specifically, the documents were sent to Paul Sanzo, First Assistant Attorney General who is the supervisor of the Corrections Unit for the Colorado Attorney General. Undersigned

> counsel signed the objections to the disclosure of these documents
> on Defendants' discovery responses, and again certifies pursuant
> to Rule 11 that this information is true and correct, to the best of
> counsel's knowledge.

*Response to Plaintiff's Motion for In Camera Review of Objection to Production (Docket # 154)* [Doc. #159], pp. 4-5 (citations omitted).

The defendants have expressly claimed the attorney-client privilege, and they have sufficiently described the nature of the documents to show that the documents are protected by the attorney-client privilege. Accordingly,

IT IS ORDERED that the Motion is DENIED.

Dated March 6, 2009.

                BY THE COURT:

                s/ Boyd N. Boland
                United States Magistrate Judge