IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 06-cv-01948-REB-BNB

DANIEL E. MURPHY,

Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS ("CDOC"),
JOE ORTIZ,
PEGGY HEIL,
DON MORTON, and
LARRY TURNER,

Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter arises on the following motions filed by the plaintiff (the "Motions"):

1. **Motion for Leave to Add Additional Constitutional Violation** [Doc. #156, filed 02/03/2009];

2. **Motion for Leave to Amend the Complaint** [Doc. #160, filed 02/17/2009]; and

3. **Plaintiff's Second Request for Evidentiary Hearing** [Doc. #167, filed 03/02/2009].

The plaintiff seeks leave to amend his Amended Complaint. He also requests an evidentiary hearing on his proposed amended claim. I respectfully RECOMMEND that the Motions be DENIED.

The plaintiff filed his initial Complaint on September 29, 2006 [Doc. #3]. After the defendants filed a motion to dismiss, the plaintiff filed an Amended Motion for Judgment on the Pleadings [Doc. #35, filed 6/7/07]; a paper entitled Unconstitutional Administrative Regulation and Treatment Program [Doc. #37, filed 6/18/07]; and a Motion for Leave to Amend Complaint

[Doc. #40, filed 7/9/07] (the "Papers"). In these Papers, the plaintiff attempted to amend his Complaint to add claims. I denied the Papers without prejudice [Doc. #42], and I explained to the plaintiff that he could not amend his complaint by filing piecemeal amendments and supplements. Rather, he had to file the entire proposed amended complaint, and the proposed amended complaint had to contain all of the plaintiff's claims.

Subsequently, the plaintiff filed an Amended Complaint [Doc. #52] and a Supplemental Complaint/Additional Defendant [Doc. #53]. These documents were stricken [Doc. #58] because they did not comply with my clear directive that any future proposed amended complaint must stand alone; they were typewritten and single-spaced in violation of D.C.COLO.LCiv.R 10.1E; they were not submitted on the Court's complaint form; the proposed amended complaint was prolix and confusing; it cited to the initial Complaint; and it was impossible to determine from the proposed amended complaint which facts applied to which claim and which claim applied to which defendant(s). In striking these documents, I set forth the requirements of Rule 8, Fed. R. Civ. P., and I directed the plaintiff as follows:

> [A]ny future attempts to amend the Complaint must comply with Fed. R. Civ. P. 8, D.C.COLO.LCiv.R 10, and this Order. The background statement shall briefly summarize the plaintiff's case and shall not exceed one double-spaced typewritten page. Each claim shall be stated separately. Each claim shall state which defendant(s) the claim is brought against and shall briefly allege facts sufficient to state a claim for relief. Each claim shall not exceed two typewritten pages, double-spaced.

Shortly thereafter, the plaintiff filed a Motion to Combine Complaints [Doc. #59] and a Motion for Leave to Amend Complaint [Doc. #63]. I denied the plaintiff's request to combine his initial complaint with his proposed amended complaint and I denied his request that I grant him three months to "educate himself and file an amended complaint before this Court in compliance with Federal Rules of Civil Procedure 8 and D.C.COLO.LCiv.R. 10" [Doc. #69].

The plaintiff tendered another proposed amended complaint [Doc. #77]. The proposed amended complaint was not accepted for filing [Doc. #78] because it utterly failed to comply with my previous order.

On March 4, 2008, the defendants' motion to dismiss was granted in part and denied in part [Doc. #113]. Three of the plaintiff's four claims were dismissed. A Scheduling Order was entered on the remaining claim [Doc. #112].

On June 20, 2008, the plaintiff filed Plaintiff's Motion to Amend the Complaint [Doc. #128]. In granting the motion [Doc. #143], I stated:

> The plaintiff has repeatedly and unsuccessfully attempted to amend his Complaint over the course of this litigation to assert his additional claim. He has finally submitted a proposed amended complaint which complies with my orders and with Rule 8, Fed. R. Civ. P. Although the plaintiff's Motion comes after the close of discovery and just before the dispositive motion deadline, I do not find any bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed. Nor does it appear that the amendment is futile. I find that any prejudice to the defendants can be cured by revisions to the Scheduling Order.

As a result of the plaintiff's amendment, the Scheduling Order was modified to allow additional discovery and to extend the discovery deadlines [Doc. #151].

The plaintiff now seeks to amend his Amended Complaint to add yet another claim for relief. I note that, despite my repeated orders to do so, the plaintiff does not submit a proposed amended complaint with his request to amend. This deficiency notwithstanding, the plaintiff's proposed amendment comes too late in this case.

The Federal Rules of Civil Procedure provide that a party may amend a pleading by leave of court, and that leave shall be given freely when justice so requires. Fed. R. Civ. P. 15(a). A motion to amend may be denied on the grounds of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed,

3

undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment. Foman v. Davis, 371 U.S. 178, 182 (1962). The circuit court has "often found untimeliness alone a sufficient reason to deny leave to amend, especially when the party filing the motion has no adequate explanation for the delay." Pallottino v. City of Rio Rancho, 31 F.3d 1023, 1027 (10th Cir. 1994) (internal quotations and citation omitted). "Where the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial." Id. (internal quotations and citation omitted).

Here, the plaintiff seeks to amend his Amended Complaint to add a claim which arises from an "Administrative Review" that occurred on July 12, 2000. *Motion for Leave to Add Additional Constitutional Violation*, p. 4. The plaintiff states that he was classified as a sex offender at the review and that the classification violates the terms of a plea agreement he entered into on July 26, 1982. Id. at pp. 1, 4, 9-10. The plaintiff knew of the facts underlying this claim at the time he filed his initial Complaint because the allegations of his second claim for relief are also based on his classification as a sex offender. The plaintiff has had ample opportunity to assert this claim in his initial Complaint; the numerous subsequent attempts to amend his initial Complaint; and in his Amended Complaint. The plaintiff does not provide any reasonable explanation for his failure to do so.

I have spent an enormous amount of time sorting through the plaintiff's repeated motions to amend the complaint, motions to supplement the complaint, and motions to reconsider my rulings. As stated by the circuit court:

> A busy district court need not allow itself to be imposed upon by the presentation of theories seriatim. Liberality in amendment is important to assure a party a fair opportunity to present his claims and defenses, but "equal attention should be given to the

> proposition that there must be an end finally to a particular litigation . . . . Much of the value of summary judgment procedure in the cases for which it is appropriate . . . would be dissipated if a party were free to rely on one theory in an attempt to defeat a motion for summary judgment and then, should that theory prove unsound, come back along thereafter and fight on the basis of some other theory.

Pallottino, 31 F.3d 1027 (internal quotations and citations omitted).

The plaintiff filed his initial complaint on September 29, 2006. The case is now more than two years old. A motion to dismiss the initial Complaint has been decided. A motion for summary judgment on the Amended Complaint is pending. Allowing the plaintiff to amend his claims again would unduly delay this case.

I respectfully RECOMMEND that the Motion be DENIED.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated March 6, 2009.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge