IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 06-cv-01948-REB-BNB

DANIEL E. MURPHY,

Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS ("CDOC"),
JOE ORTIZ,
PEGGY HEIL,
DON MORTION, and
LARRY TURNER,

Defendants.

_____

**ORDER**
_____

This matter is before me on the following motions (the "Motions') filed by the plaintiff:

1. **Motion to Compel . . . .** [Doc. #184, filed 4/27/09];

2. **Plaintiff's Motion for Evidentiary Hearing . . . .** [Doc. #185, filed 4/27/09]; and

3. **Plaintiff's Motion to Enforce Plea Agreement Pursuant to Clearly Established Law(s)** [doc. #188, filed 5/5/09].

The Motions are denied, and the plaintiff is ordered to cease filing redundant motions.

On March 6, 2009, I recommended that the plaintiff's motions to amend the complaint and his motion for an evidentiary hearing be denied. In doing so, I stated "[t]he plaintiff seeks leave to amend his Amended Complaint. He also requests an evidentiary hearing on his proposed amended claim." I further stated:

> Here, the plaintiff seeks to amend his Amended Complaint to add a claim which arises from an "Administrative Review" that occurred on July 12, 2000. *Motion for Leave to Add Additional Constitutional Violation*, p. 4. The plaintiff states that he was

> classified as a sex offender at the review and that the classification violates the terms of a plea agreement he entered into on July 26, 1982. Id. at pp. 1, 4, 9-10.

*Recommendation of United States Magistrate Judge* [Doc. #170], p. 4.

In his Motions, the plaintiff insists that he is not seeking a hearing on his proposed claim; he is seeking an evidentiary hearing solely on "matters pertinent to his 1982 plea agreement." *Motion to Compel*, p. 2, ¶ 8 (emphasis deleted).

The petitioner--for the first time--contends that he is seeking an evidentiary hearing pursuant to United States v. Pogue, 865 F.2d 226, 227 (10th Cir. 1989) and Allen v. Hadden, 57 F.3d 1529 (10th Cir. 1995). *Motion to Compel*, p. 3. In both Pogue and Allen, criminal defendants challenged their plea agreements pursuant to a petition for a writ of habeas corpus. This is a civil action pursuant to 42 U.S.C. § 1983. The plaintiff cannot challenge his plea agreement in this action. He must do so in a petition for a writ of habeas corpus.

Moreover, the plaintiff still appears to be seeking an evidentiary hearing to support his claim that the defendants' actions are violating the terms of his 1982 plea agreement. *Plaintiff's Motion for Evidentiary Hearing*, p. 3, ¶¶ 7, 16. This is the very basis upon which I previously recommended denial of his request for an evidentiary hearing.

A motion must "state with particularity the grounds for seeking the order" and "state the relief sought." Fed.R.Civ.P. 7(b). The plaintiff may not file repeated motions requesting the same relief.

IT IS ORDERED that the Motions are DENIED.

IT IS FURTHER ORDERED that the plaintiff shall cease filing redundant motions. Failure to comply with this order may result in sanctions, including dismissal of this case.

Dated May 8, 2009.

BY THE COURT:

  s/ Boyd N. Boland
United States Magistrate Judge