**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 06-cv-01948-REB-BNB

DANIEL E. MURPHY,

    Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS ("CDOC"),
JOE ORTIZ,
PEGGY HEIL,
DON MORTON, and
LARRY TURNER,

    Defendants.

**ORDER ADOPTING RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

**Blackburn, J.**

This matter is before me on:(1) **Motion for Leave To Add Additional Constitutional Violation** [#156][1] filed February 3, 2009; (2) **Motion for Leave To Amend the Complaint** [#160] filed February 17, 2009; (3) **Plaintiff's Second Request for Evidentiary Hearing** [#167] filed March 2, 2009; and (4) the **Recommendation of United States Magistrate Judge** [#170], filed March 6, 2009. On March 16, 2009, the plaintiff filed a document [#175] stating his objections to the recommendation.

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which objections have been filed, and I have considered carefully

---

[1] "[#156]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

the recommendation, objections, and applicable case law. In addition, because plaintiff is proceeding *pro se*, I have construed his filings generously and with the leniency due *pro se* litigants. **See Erickson v. Pardus**, 551 U.S. 89, ___, 127 S. Ct. 2197, 2200 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991).

In his recommendation, the magistrate judge chronicles the history of the plaintiff's frequent efforts to amend his complaint in this case. In September, 2008, the magistrate judge entered an order [#143] granting plaintiff permission to amend his complaint even though the plaintiff's amendment came after the close of discovery and just before the dispositive motions deadline. As a result of the amendment, the scheduling order was modified in an order [#151] entered October 28, 2008. The modified scheduling order permitted some additional discovery and extended the dispositive motions deadline to February 23, 2009. The plaintiff's present motions to amend [#156] and [#160] were filed in February, 2009.

As described in detail by the magistrate judge, the plaintiff has had ample opportunity to amend his complaint, and he has been permitted to amend his complaint once. The plaintiff has provided no reasonable explanation for his tardy efforts to amend his complaint yet again, as requested in the motions docketed as [#156] and [#160]. The plaintiff's request for a hearing, stated in the motion docketed as [#167], is tied to his motions to amend. The motions to amend should be denied without a hearing, and the motion for a hearing should be denied.

      **THEREFORE, IT IS ORDERED** as follows:

1. That the **Recommendation of United States Magistrate Judge** [#170] filed March 6, 2009, is **APPROVED** and **ADOPTED** as an order of this court;

2.  That the plaintiff's objections [#175], filed March 16, 2009, are **OVERRRULED**;

3.  That the **Motion for Leave To Add Additional Constitutional Violation** [#156] filed February 3, 2009, is **DENIED**;

4.  That the **Motion for Leave To Amend the Complaint** [#160] filed February 17, 2009, is **DENIED**; and

5.  That the **Plaintiff's Second Request for Evidentiary Hearing** [#167] filed March 2, 2009, is **DENIED**.

Dated July 2, 2009, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge