**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 06-cv-01948-REB-BNB

DANIEL E. MURPHY,

Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS ("CDOC"),
PEGGY HEIL,
DON MORTON,
LARRY TURNER,
PAUL HOLLENBECK, and
MIKE LEEWAYE,

Defendants.

## ORDER

**Blackburn, J.**

This matter is before me on the following motions: (1) **Plaintiff's Motion for Assistance of Counsel Pursuant To Clearly Established Law(s)** [#191][1] filed May 15, 2009; (2) **Plaintiff's Motion for Compensation Pursuant to Clearly Established Law(s)** [#193] filed May 18, 2009; (3) **Plaintiff's Motion To Present Additional Evidence Pursuant To FED. R. CIV. P. Rule 56** [#198] filed June 1, 2009; (4) plaintiff's **Motion for Explanation From This Court** [#202] filed June 22, 2009; and (5) plaintiff's **Motion To Stay Proceedings** [#206] filed August 17, 2009. Having the consent of the magistrate judge, I withdraw my **Order of Reference to Magistrate Judge** [#11] filed

---

[1] "[#191]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

January 9, 2007, as to each of these motions. I grant the plaintiff's motion to present additional evidence, and I deny the other motions.

Because plaintiff is proceeding *pro se*, I have construed his filings generously and with the leniency due *pro se* litigants. **See Erickson v. Pardus**, 551 U.S. 89, ___, 127 S. Ct. 2197, 2200 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). Nevertheless, I cannot act as advocate for a *pro se* litigant, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991).

The plaintiff is proceeding *in forma pauperis* under 28 U.S.C. § 1915. Counsel cannot be appointed and paid pursuant to 28 U.S.C. § 1915(e)(1) in this type of case. I do, however, have broad discretion to direct the Clerk of the Court to attempt to obtain volunteer counsel for a plaintiff in a civil case. **See DiCesare v. Stuart**, 12 F.3d 973, 979 (10th Cir. 1993). In making this decision, I consider the following factors: (1) the merits of the litigant's claims; (2) the nature of the factual issues raised in the claims; (3) the litigant's ability to present his claims; and (4) the complexity of legal issues raised by the claims. **See Rucks v. Boergermann**, 57 F.3d 978, 979 (10th Cir. 1995).

In this case, the plaintiff has presented his claims adequately. The factual and legal issues raised by the plaintiff's claims are not complex. In addition, having reviewed carefully the defendants' motion for summary judgment [#163] and the related briefing, I conclude that the plaintiff will not succeed on the merits of his claims. Thus, the motion for appointment of counsel [#191] should be denied.

In his motion for compensation [#193], the plaintiff asserts additional substantive claims for relief against the defendants. Such a motion is not the proper means to

assert additional claims for relief.  The record in this case demonstrates that the plaintiff is well aware of the procedure to be used to file an amended complaint, which procedure is the only proper means by which the plaintiff can assert additional claims for relief.   Thus, the plaintiff's motion for compensation [#193] should be denied.

In his motion to present additional evidence [#198], the plaintiff asks that I consider certain additional evidence, which is attached to the motion, in resolving the defendants' motion for summary judgment.  The defendants have not filed a response to this motion and, therefore, I may assume that the defendants do not object to the relief requested.  The evidence attached to the motion is facially relevant to the issues presented in the defendants' motion for summary judgment.  Thus, I will grant the plaintiff's unopposed motion to present additional evidence [#198].

The plaintiff's motion for explanation from this court is denied.  The plaintiff is not entitled to an explanation from the court about the issues he cites in his motion.

The plaintiff's motion to stay proceedings should be denied as moot.  Concurrently with this order, I am entering an order granting the defendants' motion for summary judgment and dismissing all of the plaintiff's claims.  In this circumstance, there is no need to consider the need for a stay of this case.

**THEREFORE, IT IS ORDERED** as follows:

1. That having the consent of the magistrate judge, I withdraw my **Order of Reference to Magistrate Judge** [#11] entered January 9, 2007, as to each of the motions addressed in this order;

2. That the **Plaintiff's Motion for Assistance of Counsel Pursuant To Clearly Established Law(s)** [#191] filed May 15, 2009, is **DENIED**;

3. That the **Plaintiff's Motion for Compensation Pursuant to Clearly Established Law(s)** [#193] filed May 18, 2009, is **DENIED**;

3

4. That the **Plaintiff's Motion To Present Additional Evidence Pursuant To FED. R. CIV. P. Rule 56** [#198] filed June 1, 2009, is **GRANTED**;

5. That the plaintiff's **Motion for Explanation From This Court** [#202] filed June 22, 2009, is **DENIED**; and

6. That the plaintiff's **Motion To Stay Proceedings** [#206] filed August 17, 2009, is **DENIED** as moot.

Dated September 10, 2009, at Denver, Colorado.

                          **BY THE COURT:**

                          Robert E. Blackburn
                          United States District Judge